**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE: Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 15-md-02666-JNE-DTS |
| This Document Relates to the Following Cases:<br><br>*Cook*, 17-cv-1115<br>*Zirretta*, 25-cv-1681<br>*Ramirez*, 17-cv-4976<br>*Patton*, 25-cv-1520 | **DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' OBJECTIONS TO REPORT & RECOMMENDATION** |

## INTRODUCTION

In response to Magistrate Judge Schultz's well-reasoned Report & Recommendation ("R&R"), Plaintiffs' submit a cursory, less-than-two-page bulleted list of unsupported assertions, supplemented by an improper "declaration" from retained legal commentators purporting to opine on the proper interpretation of Texas law. The Court should disregard the declaration because it is entirely inappropriate, but in any event, neither Plaintiffs nor their proposed "legal experts" demonstrate any error in Magistrate Judge Schultz's rulings. The R&R thoroughly analyzed Texas law and correctly concluded that the discovery rule does not apply because Plaintiffs' periprosthetic joint infections ("PJIs") are neither inherently undiscoverable nor objectively verifiable as those terms are defined under Texas law, that

Plaintiffs' claims are time-barred, and that Plaintiffs failed to adequately plead fraudulent concealment. Plaintiffs' objections fail for three independent reasons: the Declaration is improper, the objections themselves are conclusory, and the R&R correctly applied Texas law in concluding that Plaintiffs' claims are untimely. 3M respectfully requests that the Court overrule Plaintiffs' objections, adopt the R&R, and dismiss Plaintiffs' claims with prejudice.

## LEGAL STANDARD

A party may serve and file specific written objections to an R&R. *United States v. Jones*, 731 F. Supp. 3d 1088, 1091 (D. Minn. 2024) (citing Fed. R. Civ. P. 72(b)(2); D. Minn. LR 72.2(b)(1)). The Court reviews *de novo* any proposed ruling on a dispositive motion that is "properly objected to." *Id.* (citing Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b)(3)). Portions of the R&R that are not objected to, non-specific objections, and objections that "merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015). Rulings on nondispositive motions are likewise reviewed under the deferential "clearly erroneous or contrary to law" standard. Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a)(3). However, "[w]hen a motion to amend a pleading is opposed on grounds of futility and a party seeks review of the magistrate judge's

determination of the issue of futility, the district judge will review the futility determination *de novo*." D. Minn. LR 72.2(a)(3)(c).

Plaintiffs' arguments fail under any applicable standard because the Magistrate Judge correctly applied Texas law.

## **ARGUMENT**

Rather than submitting a formal brief in support of their Objections, Plaintiffs submit a less-than-two-page list of assertions, containing five bullet points and two case citations. (*See generally* Objections ("Obj."), ECF 3616.) Plaintiffs incorporate by reference a "declaration" signed by "four former Texas trial and appellate court judges and one Baylor Law School Professor," who "all conclude that the R&R misapplies Texas law." (Obj. at 2.) This Declaration, in turn, contains the declarants' "opinion" as to how Texas law should be applied to resolve the statute of limitations issue in this case. (*See generally* Declaration, ECF 3616-1.)

Because the Declaration is improper, the Court should disregard it. Once the Declaration is set aside, Plaintiffs' Objections are unsupported, underdeveloped, and inadequate to demonstrate any error in the R&R. But even if the Court considers the arguments raised in the Declaration as if they were fully briefed by Plaintiffs, they are without merit.

## I. The Declaration is Improper and Should be Disregarded.

The Court should strike or disregard the Declaration for multiple independent reasons. First, it constitutes improper "expert" opinion. The declarants state that they were "retained by counsel" to "review and offer an opinion on the application of the discovery rule under Texas law." (Declaration at 2.) They purport to hold their "opinion" to "a reasonable degree of legal certainty." (*Id.*) That language mirrors expert-report terminology.

But parties are not permitted to offer "legal experts." The Court is exclusively responsible for interpreting and applying the law, and any expert testimony addressing legal issues is inadmissible. *See, e.g.*, *S. Pine Helicopters, Inc. v. Phoenix Aviation Managers, Inc.*, 320 F.3d 838, 841 (8th Cir. 2003) ("[E]xpert testimony on legal matters is not admissible. Matters of law are for the trial judge[.]") (internal citation omitted); *Sunstar, Inc. v. Alberto-Culver Co.*, 586 F.3d 487, 495 (7th Cir. 2009) ("[W]hen a federal court applies state law, the court does not permit expert testimony on the meaning of the 'foreign' law[.]"). Expert testimony may only be used to "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). It may not be used to usurp the Court's role in deciding legal issues.

In any event, Plaintiffs never properly disclosed the declarants as "legal experts." *E.g.*, *KOKO Dev., LLC v. Phillips & Jordan, Inc.*, 101 F.4th 544, 548

(8th Cir. 2024) (failure to make required Rule 26 disclosures "leads to the exclusion of expert testimony by a witness not identified as an expert").

To the extent that Plaintiffs intend to rely on the Declaration as "evidence," that would be equally impermissible. The Declaration does not contain factual material that could reasonably be considered "evidence." Instead, it consists entirely of legal conclusions and arguments that belong in a brief (which Plaintiffs elected ***not*** to file). Rather than presenting their legal arguments through proper briefing, Plaintiffs chose to repackage those arguments as a sworn "Declaration" signed by former judges—effectively dressing up a legal brief as "evidence." Not only do Plaintiffs attempt to give ordinary legal arguments the imprimatur of "evidence," but they also attempt to increase the persuasive value of these arguments by attributing them to declarants with judicial credentials. No matter how impressive the declarants' credentials may be, they are not the judicial officers tasked with adjudicating the pending motions, and to suggest that they are more qualified to do so than this Court is patently absurd.

Finally, the Declaration should be disregarded because "[t]he Eighth Circuit has recognized that a party may not make arguments in his objections to a magistrate judge's report when those arguments have not been presented to the magistrate judge[.]" *United States v. Harper*, 634 F. Supp. 3d 594, 600 (N.D. Iowa 2022) (citing cases); *see also Hammann v. 1-800 Ideas.com, Inc.*, 455

F. Supp. 2d 942, 947-48 (D. Minn. 2006). To the extent that Plaintiffs assert that their claims are timely because the declarants say so, that argument was never presented to the Magistrate Judge and is not a proper basis for challenging the R&R.

For these reasons, the Court should disregard the Declaration in its entirety.

## II. Without the Declaration, Plaintiffs' Objections are Conclusory and Inadequate.

If the Declaration is disregarded, Plaintiffs' Objections lack the necessary substance to establish error in the R&R. A party challenging a Magistrate Judge's ruling must "provide a basis for those objections." *Jones*, 731 F. Supp. 3d at 1091. Further, it is well-established in this Circuit that undeveloped and unsupported arguments may be rejected. *See, e.g.*, *Milligan v. City of Red Oak, Iowa*, 230 F.3d 355, 360 (8th Cir. 2000) (where "brief does not support [a party's] assertion with any argument or legal authority, he has waived the issue and we do not address it"); *Muehlbauer v. Colvin*, No. CV 14-3253 (MJD/JJK), 2015 WL 5854022, at *8 (D. Minn. Oct. 6, 2015) (issues "raised in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived").

Plaintiffs' two-page bulleted list of assertions is plainly insufficient. The submission contains only two case citations and no meaningful substantive

argument or analysis of the issues, and instead delegates to the declarants the responsibility of advocating for Plaintiffs' position. That tactic conflicts with the fundamental "principle of party presentation," under which the "***parties*** frame the issues for decisions." *E.g.*, *Christianson v. McLean Cnty.*, 176 F.4th 1076, 1087 (8th Cir. 2026) (emphasis added) (citations omitted). Plaintiffs should be held to the briefing and arguments they actually presented; here, that briefing is insufficient to warrant any ruling in their favor.

## III. The R&R Correctly Applied Texas Law.

Even if the Court were to consider the Declaration's legal arguments as though Plaintiffs had properly briefed them, those arguments fail on the merits. Plaintiffs' primary argument is that the R&R misapplies the Texas discovery rule. That argument misses the mark, however, because the R&R correctly concluded that the discovery rule does not apply at all. (R&R at 10-15.)

Under Texas law, the discovery rule applies "only when the nature of the plaintiff's injury is ***both*** inherently undiscoverable and objectively verifiable." *Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 734 (Tex. 2001). Plaintiffs' injuries are neither. And because the discovery rule does not apply, Plaintiffs' arguments regarding whether discovery of an injury—as opposed to discovery of a ***wrongful*** injury—is the relevant discovery that triggers the running of the statute of limitations are inapposite. Plaintiffs improperly conflate the

"wrongful act" language in the discovery rule's accrual formulation with the threshold "inherently undiscoverable" inquiry. But as the R&R correctly recognized, these are two separate questions. The "wrongful act" language describes *when* accrual occurs once the discovery rule has been held to apply—it does not expand the *threshold test* for whether the discovery rule applies in the first place. And as the R&R correctly concluded, the discovery rule does not apply here.

### A. Plaintiffs' Injuries Are Not "Inherently Undiscoverable" Under Texas Law.

"An injury is inherently undiscoverable if it is, by its nature, unlikely to be discovered within the prescribed limitations period despite due diligence." *Wagner*, 58 S.W.3d at 734-35. This determination is made "on a categorical basis," meaning that whether a particular plaintiff actually discovered his or her injury is not dispositive; rather, the Court must evaluate, as a matter of law, whether the injury is of a type that would ordinarily be discovered through the exercise of due diligence. *Id.*

Plaintiffs concede that a PJI is "the type of physical condition a person would generally notice" because "symptoms of infection are often apparent." (Declaration at 6.) That concession is dispositive. Plaintiffs' infections were not inherently undiscoverable as a matter of law, and therefore the discovery rule does not apply.

Where the discovery rule does not apply, the "cause of action accrues when a wrongful act causes an injury, regardless of when the plaintiff learns of that injury or if all resulting damages have yet to occur." *Childs v. Haussecker*, 974 S.W.2d 31, 36 (Tex. 1998). The Court could end its analysis there: each Plaintiff's cause of action accrued when the Plaintiff was injured (*i.e.*, when they were diagnosed with and treated for PJIs, at the latest), long before they filed suit and well outside the two-year limitations period.

Plaintiffs attempt to avoid this result by suggesting a different and unsupported definition of "inherently undiscoverable." In Plaintiffs' view, "[t]he relevant inquiry is not whether a [PJI] is generally noticeable, but whether that category of injury generally puts a patient on notice that a defective product, rather than an ordinary surgical risk, caused it." (Obj. at 1; *see also* Declaration at 6.) Tellingly, this assertion is not supported by any citation to Texas case law or any other authority. That is because the inherent undiscoverability inquiry focuses on whether ***the injury*** is discoverable, not on whether ***its cause*** is discoverable. *See Wagner*, 58 S.W.3d at 735 ("In concluding that the discovery rule did not apply, we focused on whether the *injury* underlying the [plaintiffs'] claim . . . was discoverable.") (emphasis original).

The rule could not logically be otherwise, because if the discoverability of an injury depended upon the plaintiff's ability to discover its cause, the

objective verifiability prong of the analysis would be superfluous. As discussed further below, while the inherent undiscoverability prong addresses the categorical nature of the injury itself, the objectively verifiable prong addresses the potential relationship between the injury and a tortious cause. To tie knowledge of potential causation to the inherent undiscoverability prong improperly conflates these two inquiries.

Moreover, Plaintiffs' reliance on *Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 348 S.W.3d 194 (Tex. 2011), does not change the result. *Exxon* did not discuss the requirements of the discovery rule. Instead, the court "d[id] not reach the question of the impact of the discovery rule" after finding that the plaintiff's actual knowledge of the defendant's alleged wrongful actions was sufficient to trigger running of the statute of limitations, even if the rule applied. *Id.* at 203. That is not the situation presented here, and *Exxon* provides no helpful guidance on when or how the discovery rule applies.

*In re 3M Combat Arms Earplug Products Liability Litigation*, MDL No. 2885, 2021 WL 8533255 (N.D. Fla. Nov. 29, 2021), similarly does not compel a different conclusion. That case is a non-binding federal district court interpretation of Texas law, which does not correctly set forth the discovery rule articulated by the Texas Supreme Court. Even if it applied the correct standard, as the R&R explained, that case involved an inherently undiscoverable injury caused by earplugs that loosened "imperceptibly" while

in use, which reduced their effectiveness and over time resulted in hearing damage. *See id.*, 2021 WL 8533255 at *3. That is in stark contrast to the injuries alleged here, which developed quickly after a specific surgery. *See also Schlumberger Tech. Corp. v. Pasko*, 544 S.W.3d 830, 833-35 (Tex. 2018) (refusing to apply discovery rule to "a known, acute injury" attributable to a particular event).

Because Plaintiffs correctly concede that PJIs are the type of injury that would ordinarily be discovered, the discovery rule does not apply as a matter of law.

### B. Plaintiffs' Injuries Were Not "Objectively Verifiable."

Plaintiffs' claims fail the discovery-rule threshold for a second, independent reason: the alleged injuries are not objectively verifiable in the sense Texas law requires. Under Texas law, an injury is "objectively verifiable" for purposes of the discovery rule if the fact of the injury and the fact that the injury is caused by a wrongful act are both "beyond dispute" and "demonstrated by direct, physical evidence." *S.V. v. R.V.*, 933 S.W.2d 1, 7 (Tex. 1996). *See also Robinson v. Weaver*, 550 S.W.2d 18, 21 (Tex. 1977) (requiring "physical evidence which in-and-of-itself establishes the negligence of some person"). The wrongful cause of the injury must be apparent from the fact of the injury itself.

Again, Plaintiffs make a dispositive concession. As they acknowledge, "infections commonly result from innocent causes." (Obj. at 1.) The Eighth

Circuit has also recognized that there are "many different ways" a person can develop a PJI other than use of the Bair Hugger system, including bacteria from the patient's own skin, wound drainage, surgical staples, or medical personnel. *See Gareis v. 3M Co.*, 9 F.4th 812, 817 (8th Cir. 2021). Put differently, it cannot be demonstrated by direct, physical evidence that a PJI is caused by tortious conduct. Plaintiffs' alleged infections are therefore not "objectively verifiable" as that term is defined under Texas law. *See S.V.*, 933 S.W.2d at 7.

Plaintiffs do not meaningfully address the objectively verifiable prong, other than the conclusory allegation in the Declaration that the R&R "never confronts th[e] tension" between the requirements of inherent undiscoverability and objective verifiability. (Declaration at 6.) But no such tension exists. The purpose of requiring an injury to be both inherently undiscoverable and objectively verifiable before applying the discovery rule is to "balance the conflicting policies in statutes of limitations: the benefits of precluding stale or spurious claims versus the risks of precluding meritorious claims that happen to fall outside an arbitrarily set period." *S.V.*, 933 S.W.2d at 6. The rule accomplishes this purpose by creating a very limited set of circumstances in which a plaintiff can pursue old claims—where it would be unfair to deprive the plaintiff of an opportunity to litigate because the injury was unlikely to be discovered in time (i.e., inherent undiscoverability) and

where it would not be unfair to require the defendant to litigate because it is obvious that the plaintiff was injured by wrongful conduct (i.e., objective verifiability). *See id.* Because Plaintiffs' claims satisfy neither of these requirements, the discovery rule does not apply to save their untimely claims.

### C. Even if the Discovery Rule Applied, Plaintiffs' Claims are Still Untimely.

Even if the Court were to accept Plaintiffs' formulation—that accrual begins when a plaintiff discovers, or in the exercise of reasonable diligence should have discovered, that the injury was likely caused by the wrongful act of another—the result would be the same. This Court has already applied similar discovery rules in *Pelican v. 3M Company,* No. 23-cv-1818, Dkt. 136 (Sept. 12, 2025) (Louisiana law), *Jones v. 3M Company*, No. 23-cv-1425, Dkt. 103 (Sept. 12, 2025), and *Skinner v. 3M Company*, No. 17-cv-2149, Dkt. 98 (Sept. 12, 2025) (Iowa law), and found that the claims accrued no later than diagnosis and treatment of the PJI. This is because the plaintiffs could have requested and reviewed their medical records any time after diagnosis and sought medical and legal assistance to discover their causes of action. *See Skinner*, Dkt. 98 at 4.

The same reasoning applies here. Each Plaintiff knew of his or her PJI and received treatment well before filing suit. Plaintiffs' own proposed amended complaints cite twenty-five published studies, spanning from 1997

through 2022, discussing an alleged link between the Bair Hugger system and PJIs. For Zirretta and Patton, who filed suit in 2025, the Bair Hugger MDL had been pending for nearly a decade, and Plaintiffs could have discovered the highly publicized litigation alleging that the Bair Hugger system causes PJIs. *See City of Bos. v. OptumRx, Inc.*, 169 F.4th 58, 63 (1st Cir. 2026).

On these allegations, a reasonably diligent investigation beginning at diagnosis or treatment would have uncovered the relevant information purporting to connect the Bair Hugger system to PJIs, or at least supplied a reasonable basis to investigate that connection. The R&R correctly reached this conclusion. (*See* R&R at 14-15, 17-19.) Thus, even under Plaintiffs' preferred accrual formulation, the limitations periods expired long before Plaintiffs filed suit.

**IV. Plaintiffs' DTPA Claims are Time-Barred for the Same Reasons.**

Plaintiffs assert only that the "same error" in the R&R's analysis of the personal injury statute of limitations "infects the R&R's dismissal of Plaintiffs' DTPA claims." (Obj. at 1.) Although DTPA claims are subject to a statutory discovery rule, *see* Tex. Bus. & Com. Code Ann. § 17.565, for the same reasons that Plaintiffs' personal injury claims are time-barred, the DTPA claims are also time-barred. Plaintiffs, if exercising reasonable diligence, could have discovered their causes of action when they were first diagnosed with and treated for their PJIs.

## V. Plaintiffs' Fraudulent Concealment Argument is Undeveloped and Meritless.

The R&R correctly found that Plaintiffs failed to plead the necessary facts to invoke fraudulent concealment tolling. Plaintiffs' Objections devote only cursory treatment to this issue, offering a single bullet point that contains no meaningful analysis or argument. (Obj. at 1-2.) Fraudulent concealment is not addressed at all in the Declaration. Accordingly, the Court can reject Plaintiffs' fraudulent concealment argument as undeveloped. *See Milligan*, 230 F.3d at 360; *Muehlbauer*, 2015 WL 5854022 at *8.

On the merits, Plaintiffs' argument also fails. Even where fraudulent concealment tolling applies, it lasts only until "the plaintiff acquires actual or constructive knowledge of facts sufficient to make a reasonably diligent person aware of the injury." *Carden v. Minton, Bassett, Flores & Carsey, P.C.*, --- S.W.3d ---, 2026 WL 1851869, at *12 (Tex. June 26, 2026). Plaintiffs contend that "injury" as used here means "wrongful injury" because the *Carden* court cited *Exxon*. (Obj. at 2.) But as previously discussed, *Exxon* did not actually address the application of the discovery rule or fraudulent concealment because the plaintiffs in that case had actual knowledge of their claims. *Exxon*, 348 S.W.3d at 203. *Exxon* therefore does not impose the wrongfulness requirement that Plaintiffs advocate.

The relevant inquiry for fraudulent concealment tolling is when the plaintiff "learns of facts, conditions, or circumstances which would cause a reasonably prudent person to make inquiry, which, if pursued, would lead to discovery of the concealed cause of action." *Jenkins v. Tahmahkera*, 151 F.4th 739, 750 (5th Cir. 2025) (quoting *Etan Indus., Inc. v. Lehmann*, 359 S.W.3d 620, 623 (Tex. 2011)). As the R&R correctly concluded, Plaintiffs' injuries alone were sufficient to prompt a reasonably diligent investigation, which would have led to the discovery of their claims. *See Skinner*, Dkt. 98 at 4 ("At any time after he was diagnosed with a [PJI] in March 2012, [Skinner] could have requested and reviewed his medical records, and he could have sought medical and legal assistance to discover the Bair Hugger's alleged defects and alleged dangers.").

## CONCLUSION

For the foregoing reasons, the R&R correctly applied Texas law to conclude that Plaintiffs' claims are untimely as a matter of law. 3M respectfully requests that this Court adopt the R&R in its entirety and dismiss Plaintiffs' claims with prejudice.

Respectfully submitted,

Date: September 2, 2026

*s/John P. Mandler*
John P. Mandler (#194438)
M. Joseph Winebrenner (#0387889)
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: (612) 766-7000
john.mandler@faegredrinker.com
joe.winebrenner@faegredrinker.com

Benjamin W. Hulse (MN #0390952)
Norton Rose Fulbright US LLP
60 South Sixth Street, Suite 3100
Minneapolis, MN 55402
Phone: (612) 321-2800
ben.hulse@nortonrosefulbright.com

***Counsel for Defendants 3M Company and Arizant Healthcare, Inc.***